UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
    SURIEL DE JESUS,

                      Plaintiff,

              -v-                                                  18-CV-5775 (JMF)

    E D H DIAZ RESTAURANT LLC, et al.,                   ORDER

                      Defendants.
------------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

       By letter filed November 25, (Docket No. 27), the Court has been advised that the parties in this action, brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, have reached a settlement in principle.  Under the FLSA, an employer who violates the requirement that overtime wages be paid must pay both the unpaid overtime compensation and an additional equal amount as liquidated damages. *See id.* § 216(b).  Any settlement — including any proposed attorney's fee award — must be scrutinized by the Court to ensure that it is fair. *See Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015) (holding that "stipulated dismissals settling FLSA claims with prejudice require the approval of the district court or the DOL to take effect"); *Wolinsky v. Scholastic, Inc.*, 900 F. Supp. 2d 332, 335-36 (S.D.N.Y. 2012) (identifying factors a court may consider in evaluating the fairness and reasonableness of a proposed FLSA settlement and the reasonableness of a proposed attorney's fee award).

       The parties have two options for finalizing their settlement.  First, on or before **December 10, 2018**, the parties may submit the settlement agreement to the Court along with a joint letter explaining the basis for the proposed settlement and why it should be approved as fair and reasonable, with reference to the factors discussed in *Wolinsky*. *See* 900 F. Supp. 2d at 335-36.  The letter should also address, if applicable, any incentive payments to the plaintiff and any attorney's fee award to plaintiff's counsel (with documentation to support the latter, if appropriate). Second, by the same date, the parties may consent to proceed in front of Magistrate Judge Freeman for all purposes (the appropriate form for which is available at http://nysd.uscourts.gov/file/forms/consent-to-proceed-before-us-magistrate-judge), in which case she would decide whether to approve the settlement.

       In addition, the parties are advised that the Court will not approve any settlement agreement containing any of the following provisions:

- a confidentiality provision, unless the parties can show that there are reasons, specific to

the case, sufficient to overcome the common law right of access to judicial documents. *See id.* at 337-41 (explaining the common law right of public access as it relates to settlement agreements in FLSA cases); *see also Sanz v. Johny Utah 51 LLC*, No. 14-CV-4380 (JMF), 2015 WL 1808935, at *2 (S.D.N.Y. Apr. 20, 2015);

- a release or waiver provision that releases or waives claims that have not accrued or claims unrelated to wage-and-hour matters, unless the parties can show that there are reasons, specific to this case, justifying such a broad release.  *See, e.g.*, *Lopez v. Nights of Cabiria, LLC*, 96 F. Supp. 3d 170, 181 (S.D.N.Y. 2015); or

- a clause that bars a plaintiff from making negative statements about a defendant unless it includes a carve-out for truthful statements about a plaintiff's experience in litigating his case, or unless the parties can show that there are reasons, specific to this case, justifying a non-disparagement clause without such a carve-out.  *See, e.g.*, *Zapata v. Bedoya*, No. 14-CV-4114, 2016 WL 4991594, at *2 (E.D.N.Y. Sept. 13, 2016).

In the event that the settlement agreement does contain any of these provisions, the parties' joint letter should also indicate whether the parties (1) would adhere to the settlement in the event the Court is prepared to approve all but the provision(s) (in which case, the Court would, absent good cause, docket both the parties' joint letter and the settlement agreement itself — notwithstanding any confidentiality provision) or (2) would abandon the settlement and continue to litigate this action in the event the Court does not approve the provision(s).

Finally, it is hereby ORDERED that the initial pretrial conference previously scheduled for November 28, 2018 is adjourned *sine die*.  The Clerk of Court is directed to terminate Docket No. 27.

SO ORDERED.

Dated: November 26, 2018
New York, New York

JESSE M. FURMAN
United States District Judge

2