USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/1/19

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

EUDE SURIEL DE JESUS,

                  Plaintiff,

    -against-

E D H DIAZ RESTAURANT LLC, *et al.*,

           Defendants.

18cv05775 (DF)

**ORDER OF
DISMISSAL**

**DEBRA FREEMAN, United States Magistrate Judge:**

In this action under the Fair Labor Standards Act and the New York Labor Law, which is before this Court on the consent of the parties pursuant to 28 U.S.C. § 636(c), the parties, having reached an agreement in principle to resolve the action, have placed their proposed settlement agreement before this Court for approval. *See Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 1999 (2d Cir. 2015) (requiring judicial fairness review of FLSA settlements). The parties have also submitted a letter detailing why they believe the proposed settlement agreement is fair, reasonable, and adequate. (Dkt. 30.) This Court has reviewed the parties' submissions in order to determine whether the proposed agreement (Dkt. 30-1) represents a reasonable compromise of the claims asserted in this action, and, in light of the totality of the relevant circumstances, including the representations made in the parties' letter, the terms of the proposed settlement agreement, and this Court's own familiarity with the strengths and weaknesses of the parties' positions (as became evident during an arms-length settlement mediation conducted by this Court), it is hereby ORDERED that:

    1.    The Court finds that the terms of the proposed settlement agreement are fair, reasonable, and adequate, both to redress Plaintiff's claims in this action and to compensate Plaintiff's counsel for their legal fees, and the agreement is therefore approved.

2.      The Court notes that this Order does not incorporate the terms of the parties'

settlement agreement.  Further, the settlement agreement does not recite that this Court will

retain jurisdiction to enforce its terms, and, in a telephone conference held on February 1, 2019,

counsel for the parties expressly informed this Court that, should the parties need to seek

enforcement of the settlement agreement, they anticipate that they would invoke state court

procedures, and thus they are not requesting that this Court retain jurisdiction to enforce the

agreement.  Accordingly, this Court has made no independent determination to retain

jurisdiction, and nothing in this Court's approval of the settlement under *Cheeks* should be

construed as such a determination.  *See Hendrickson v. United States*, 791 F.3d 354, 359-60 (2d

Cir. 2015) (finding that a federal court will retain ancillary jurisdiction to enforce a settlement

only where it has (1) expressly retained jurisdiction over enforcement of the agreement, or

(2) incorporated the terms of the parties' settlement agreement in a court order); *see also Mao v.

Mee Chi Corp.*, No. 15cv1799 (JCF), 2016 WL 675432, at *1 (S.D.N.Y. Feb. 11, 2016) (finding

no retention of jurisdiction in the context of judicial approval of an FLSA settlement, on the

ground that "[i]t is not enough that the court somehow have given the settlement its 'judicial

imprimatur'" (citing *Hendrickson*, 791 F.3d at 358-59)).

3.      As a result of the Court's approval of the parties' executed settlement agreement,

this action is hereby discontinued with prejudice and without costs or fees to any party.  The

Clerk of Court is directed to close this case on the Docket of the Court.

Dated: New York, New York
           February 1, 2019

                                        SO ORDERED

                                        _____
                                        DEBRA FREEMAN
                                        United States Magistrate Judge

Copies to:
All counsel (via ECF)

2